BARBARA MILANO KEENAN, Circuit Judge,
dissenting:
I respectfully dissent. Under the majority’s holding, a creditor whose rights are secured by real property with no present value to support the lien, is treated less favorably than a wholly unsecured creditor. I would conclude that this result is anomalous and is not permitted upon application of the BAPCPA amendments.
In my view, while the BAPCPA amendments to 11 U.S.C. § 1325(a)(5)(B)® and § 1328(f)[1] do not alter the statutory provisions allowing a typical Chapter 13 debtor to strip off a secondary mortgage secured by property with no present value to support the lien (valueless junior mortgage), those amendments prevent a Chapter 20 debtor from eliminating a valueless junior mortgage. In particular, Section 1325(a)(5)(B)® operates to prohibit such Chapter 20 debtors, who file a Chapter 13 case within four years of filing a Chapter 7 case that resulted in a discharge, from entirely and permanently eliminating a valueless junior mortgage.
The provisions that permit a typical Chapter 13 debtor to strip off a valueless junior mortgage are 11 U.S.C. § 506(a), which allows bifurcation of a claim secured by property into secured and unsecured components based on value, and 11 U.S.C. § 1322(b)(2), which permits modification of rights of creditors holding certain secured claims and all unsecured claims. However, under Section 1325(a)(5)(B)®, a Chapter 13 plan must provide that a holder of an “allowed secured claim” will retain its lien until the earlier of (1) full payment of the debt as determined under non-bankruptcy law or (2) discharge.
*340 The majority determines that Section 1325(a)(5) is inapplicable, because the claims at issue are not “allowed secured claims” based on the valuation provision of Section 506(a). In my view, this is a flawed interpretation of the term “allowed secured claim.” The term “allowed secured claim” in Section 1325(a)(5) is not defined by, or predicated on, an application of Section 506(a). In re: Ballard, 526 F.3d 634, 640-41 (10th Cir.2008) (discussing application of Section 1325(a)(5) in the context whether the surrender of a motor vehicle under Section 1325(a)(5)(C) fully satisfied the claim). Instead, Section 506(a) provides a method for the judicial valuation of an allowed secured claim, without altering the secured status of a creditor. See In re Price, 562 F.3d 618, 623 (4th Cir.2009); see also Dewsnup v. Timm, 502 U.S. 410, 417, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992) (holding that the valuation permitted by § 506(a) does not determine the meaning of “allowed secured claim” in § 506(d)). Therefore, the term “allowed secured claim” merely describes (1) a claim, which is a “right to payment” or a “right to an equitable remedy” as defined in 11 U.S.C. § 101(5); (2) that is “allowed,” meaning “not objected to by an interested party” under 11 U.S.C. § 502(a); and (3) that is “secured.”
The claims at issue in the present cases are allowed and are secured by the debtors’ real property. The claims remained secured by the debtors’ real property even after the debtors received Chapter 7 discharges removing the personal liability component of their debts. See Johnson v. Home State Bank, 501 U.S. 78, 83, 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991) (“A creditor’s right to foreclose on the mortgage survives or passes through the bankruptcy”) (citing 11 U.S.C. § 522(c)(2)).' And, as the majority acknowledges, the in rem portion of the claims survived the debtors’ Chapter 7 discharges. See id.
Because the present debtors’ Chapter 13 plans must comply with Section 1325(a)(5), the junior mortgagee creditors in these cases have “allowed secured claims” against the debtors’ bankruptcy estates. Under Section 1325(a)(5)(B)(i),[2] the debtors’ Chapter 13 plans must provide that the junior mortgagee creditors retain their liens on the properties until the earlier of (1) full payment by the debtors in the context of non-bankruptcy law, or (2) discharge. Here, the debtors have not fully paid their outstanding debts to the junior mortgagee creditors, and the debtors are prevented by Section 1328(f) from obtaining a discharge in their Chapter 13 cases, given their recent Chapter 7 discharges. Therefore, the provisions in Section 1325(a)(5)(B)(i) and Section 1328(f) together prohibit Chapter 20 debtors from stripping off their valueless junior mortgages and require retention of the liens of the junior mortgagee creditors.
Contrary to the majority’s contention, the Supreme Court’s analysis in Nobelman v. American Savings Bank, 508 U.S. 324, 113 S.Ct. 2106, 124 L.Ed.2d 228 (1993), supports, rather than impedes, the above interpretation of the term “allowed secured claim” in Section 1325(a)(5). See Ante at 338-39. In its opinion in Nobel-man, the Court focused on the interplay between Section 506(a) and Section 1322(b)(2). The Court held that the valuation provided for in Section 506(a) did not automatically adjust downward the amount of a mortgage for treatment in a debtor’s Chapter 13 plan, because Section *341 1322(b)(2) otherwise protected the bank’s rights, which were secured by an .interest in the debtor’s principal residence. Id. at 328-29, 113 S.Ct. 2106. The Court held that, therefore, the amount of the debt owed to the bank was unaffected by the earlier valuation of that claim- under Section 506(a). Id.
In its analysis, the Court explained that although Section 506(a) provides for “a judicial valuation of the collateral to determine the status of the bank’s secured claim,” such valuation did not affect a secured creditor whose rights otherwise were protected by a different statute, in that case, Section 1322(b)(2). Id. Employing this analysis, I would conclude that, like the creditor in Nobelman, the rights of the creditors in the present cases are not altered by the valuation process of Section 506(a) for allowed secured claims, because Section 1325(a)(5)(B)® otherwise protects the rights of such holders by providing that they retain their lien until the earlier of “payment of the underlying debt as determined under non-bankruptcy law” or “discharge” under Section 1328. 11 U.S.C. § 1325(a) (5) (B) (i) (I) (aa), (bb). Thus, the liens of the creditors in the present cases are fully protected by Section 1325(a)(5)(B)®, consistent with the definition of the term “allowed secured claim” applied by the Supreme Court in Dewsnup. See 502 U.S. at 417, 112 S.Ct. 773.
Congress enacted BAPCPA “to correct perceived abuses of the bankruptcy system.” Ransom v. FIA Card Servs., N.A, — U.S. -, 131 S.Ct. 716, 178 L.Ed.2d 603 (2011) (addressing the “means test” adopted to “ensure that debtors who can pay creditors do pay them”)(emphasis omitted). The BAPCPA addition of Section 1328(f) curtails the relief available to serial-filing debtors. See In re Victoria, 454 B.R. 759, 779 (Bankr.S.D.Cal.2011), aff'd, 470 B.R. 545 (S.D.Cal.2012).
Additionally, Section 306 of the BAPC-PA amendments, which added subsection ®(I) to Section 1325(a)(5)(B), was entitled “Giving Secured Creditors Fair Treatment in Chapter 13.” Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 23, 80. The legislative history of this section demonstrates that Congress included these additions “to require — as a condition of confirmation — that a chapter 13 plan provide that a secured creditor retain its statutory lien until the earlier of when the underlying debt is paid or the debtor receives a discharge.” H.R.Rep. No. 109-31, pt. 1 at 71-72 (2005), 2005 U.S.C.C.A.N. 88, 103.
The above construction of Section 1325(a)(5) and Section 1328(f), which prohibits Chapter 20 debtors from stripping off valueless junior mortgages, also makes practical sense when considering the effect of a Chapter 13 plan that does not conclude with a discharge. As this Court has explained, even though a Chapter 20 debt- or is prohibited from obtaining a discharge in his Chapter 13 ease under § 1328(f), he may file a Chapter 13 case and take advantage of the other protections available. Branigan v. Bateman, 515 F.3d 272, 283 (4th Cir.2008) (explaining protections). However, upon completion of the Chapter 13 plan, when there is no accompanying discharge, the debtor’s status with his creditors is returned to the status quo ante. See Victorio v. Billingslea, 470 B.R. 545, 556 (S.D.Cal.2012) (citing In re Victorio, 454 B.R. at 779). As a result, any personal liability for the remaining balances on unsecured debt, such as debt accumulated on a personal credit card, is not eliminated by discharge and those unsecured creditors can seek payment on the outstanding debt upon plan completion, outside of bankruptcy. See id. In contrast, under the majority’s holding, when there is no discharge upon completion of a *342 Chapter 13 plan the creditors with security interests in real property are not returned to the status quo ante and cannot pursue in rem claims at the conclusion of the Chapter 13 plan.
While the majority suggests that the comparison between secured creditors and unsecured creditors in this context is akin to comparing apples and oranges, that is precisely the point. These types of creditors are distinct and are not treated equally under the Bankruptcy Code. The distinguishing factor between secured and unsecured creditors is that secured creditors have two methods of recouping debt: in personam liability against the debtor and in rem liability against the collateral. The majority’s position would equalize the status of these creditors by eliminating the secured creditor’s in rem claim.
Such a result turns on its head the basic bankruptcy principle that secured creditors are treated more favorably than unsecured creditors. See In re Gerardin, 447 B.R. 342, 351-52 (Bankr.S.D.Fla.2011) (citing Nobelman, 508 U.S. at 329, 113 S.Ct. 2106 and Dewsnup, 502 U.S. at 417, 112 S.Ct. 773). The result reached by the majority also undermines the Supreme Court’s repeated respect for the bargained-for rights of mortgagors and their mortgagees as set forth in security instruments. See Nobelman, 508 U.S. at 329, 113 S.Ct. 2106; Dewsnup, 502 U.S. at 417, 112 S.Ct. 773. Therefore, I would hold that the debtors’ Chapter 13 plans were required to comply with the terms of Section 1325(a)(5), and that the debtors were not permitted to strip off the valueless junior mortgages. Accordingly, I would reverse the district court’s judgment approving the Chapter 13 confirmation orders.

. See Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 23, 80, 87.

. Subsections 1325(a)(5)(A) and (C) are not relevant in the present cases because it is undisputed, with regard to paragraph (A), that the holders of the claims have not "accepted” the plans, and, with regard to paragraph (C), that the debtors have not surrendered the property securing the claims.